UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Sherwin Beaufort, | ) | C/A No. 5:16-cv-01140-RBH-KDW |
| Plaintiff, | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| Charlie Coxe;<br>Larry Cartledge;<br>Brian Sterling;<br>Lloyd Greer;<br>Dr. Ingraham, and<br>Dr. M. Garcia, | ) | |
| Defendants. | ) | |

This is a civil action filed pro se by a state prison inmate in the custody of the South Carolina Department of Corrections ("SCDC"). Pursuant to 28 U.S.C. § 636(b)(1), and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the district court. *See* 28 U.S.C. §§ 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

I.    Factual Background

Plaintiff complains of being placed in disciplinary detention at Kirkland Correctional Institution because contraband was found in his living area in January 2014 and he was charged with escape and carrying/concealing weapons. Compl. 4, ECF No. 1. He alleges that he is innocent and knew nothing about the contraband. *Id*. Plaintiff asserts that his current living conditions in the Kirkland Maximum Security Unit ("MSU(SRR)") are cruel and inhumane because there are water leaks, excessively cold temperatures, and mentally ill fellow inmates. *Id*.

at 5. He alleges that even though he has had a clean prison record for five years, he was stripped naked for 96 hours with no blanket and then interrogated by Defendants Coxe and Greer. *Id*. at 4-5. It is unclear whether he has yet been convicted of the disciplinary violation charges lodged against him. Plaintiff alleges that "there is not heat at all" in his place of confinement and that he was refused the opportunity to be transported to his preliminary hearing. *Id*. Plaintiff says his "health, well-being [is] at risk," but he does not allege any specific physical injury or illness as a result of these conditions of his confinement in MSU(SSR). *Id*. at 6. Plaintiff does not refer to any other Defendant except Defendants Coxe and Greer in connection with his conditions-of-confinement claim.

Plaintiff also complains about medical care he has been receiving for a skin rash allegedly caused by "state soap." *Id*. at 5. He objects to being prescribed ointment without personally being examined by medical staff and complains about the length of time it takes to see a doctor, about being unable to see an outside dermatologist, and about being given hand soap to wash his body. *Id*. Although Plaintiff names two doctors as defendants, he does not allege that either of them was personally involved in the provision of medical care that he finds inadequate. Plaintiff seeks declaratory relief and compensatory and punitive damages. *Id*. at 6.

II.     Standard of Review

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's pro se Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v.*

*Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

Pro se complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F.3d 630, 630 n.1 (4th Cir. 2003). Nevertheless, the requirement of liberal construction does not mean that this court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Even under this less stringent standard, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

III.     Discussion

Initially, the Complaint is subject to summary dismissal as to Defendants Cartledge, Stirling, Ingraham, and Garcia because the Complaint contains no allegations at all—much less allegations of personal wrongdoing—against these Defendants. Other than their being listed in the caption and on page 2 in the place for the listing of Defendants of the Complaint, there is no mention of any of these persons in the pleading. Under the provisions of the Prison Litigation Reform Act ("PLRA"), more specifically 28 U.S.C. § 1915(e)(2)(B), this court should dismiss an action filed by a prisoner that is "frivolous" and "fails to state a claim on which relief may be granted." Because there are no allegations of any wrongdoing by Defendants Cartledge, Stirling, Ingraham, or Garcia, Plaintiff's Complaint fails to state a claim on which relief can be granted as

3

to these Defendants. *See Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed."); *Newkirk v. Circuit Court of City of Hampton*, No. 3:14CV372-HEH, 2014 WL 4072212 (E.D. Va. Aug. 14, 2014) (complaint subject to summary dismissal where no factual allegations against named defendants within the body of the pleading); *see also Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003); *Black v. Lane*, 22 F.3d 1395, 1401 n.8 (7th Cir. 1994); *Walker v. Hodge*, 4 F.3d 991, * 2 n.2 (5th Cir. 1993); *Banks v. Scott*, 3:13CV363, 2014 WL 5430987, at *2 (E.D. Va. Oct. 24, 2014). In absence of substantive allegations of wrongdoing against a named defendant, there is nothing from which this court can liberally construe any type of plausible cause of action arising from the complaint against him. *See Cochran v. Morris*, 73 F.3d 1310 (4th Cir. 1996) (statute allowing dismissal of *in forma pauperis* claims encompasses complaints that are either legally or factually baseless); *Weller v. Dep't of Social Servs.*, 901 F.2d at 389 n.2 (dismissal proper where there were no allegations to support claim).

Furthermore, the fact that these Defendants are employed in supervisory roles within the SCDC prison system does not substitute for the lack of substantive allegations of wrongdoing by them because their positions as the supervisor of other corrections officers or medical staff is not, alone, a basis on which to hold them liable to Plaintiff for the alleged wrongdoing of one or more of their subordinates. To assert a plausible constitutional-violation claim against any particular public official under 42 U.S.C. § 1983,[1] a plaintiff's allegations must show a causal connection

---

[1] Plaintiff's claims for damages allegedly arising from the conditions of his confinement within a state prison in South Carolina are properly considered by this court under its federal question jurisdiction pursuant to 42 U.S.C. § 1983. Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. *Jett v. Dallas Indep. Sch.*

or affirmative link between the conduct of which the plaintiff complains and the official sued. *See Rizzo v. Goode*, 423 U.S. 362, 371-72 (1976) (a § 1983 plaintiff must show that he suffered a specific injury as a result of specific conduct of a defendant, and an affirmative link between the injury and that conduct); *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir.1977) (for an individual to be liable under § 1983, it must be affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights); *see also Kentucky v. Graham*, 473 U.S. 159, 166 (1985). As a general rule, the doctrine of vicarious liability or *respondeat superior* is not available to a § 1983 plaintiff as a means to create liability of a state-actor supervisor for the acts or his/her subordinate. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). There is a limited exception to the prohibition against imposing *respondeat superior* or vicarious liability on supervisory personnel in § 1983 cases, which has been enunciated in cases such as *Slakan v. Porter*, 737 F.2d 368, 370-75 (4th Cir. 1984). Supervisory officials like Defendants Cartledge, Stirling, Ingraham, and Garcia may be held liable in certain circumstances for the constitutional injuries inflicted by their subordinates so long as the facts alleged satisfy the Fourth Circuit Court of Appeals' established three-part test for supervisory liability under § 1983: "(1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed 'a pervasive and unreasonable risk' of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate

---

*Dist.*, 491 U.S. 701, 731-32 (1989). The purpose of § 1983 is to deter state actors from using the badges of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails. *Wyatt v. Cole*, 504 U.S. 158, 161 (1992) (citation omitted) (emphasis added). No other viable basis for the exercise of this court's subject matter jurisdiction over Plaintiff's allegations is evident from the face of the Complaint.

as to show 'deliberate indifference to or tacit authorization of the alleged offensive practices,'; and (3) that there was an 'affirmative causal link' between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff." *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994) (citations omitted). In *Randall v. Prince George's County*, 302 F.3d 188, 206 (4th Cir. 2002), the Fourth Circuit concluded that, "[u]nder the first prong of *Shaw*, the conduct engaged in by the supervisor's subordinates must be 'pervasive,' meaning that the 'conduct is widespread, or at least has been used on several different occasions.'" Furthermore, in establishing "deliberate indifference" under *Shaw's* second prong, a plaintiff "[o]rdinarily . . . cannot satisfy his burden of proof by pointing to a single incident or isolated incidents . . . for a supervisor cannot be expected . . . to guard against the deliberate criminal acts of his properly trained employees when he has no basis upon which to anticipate the misconduct." *Id*. (quoting *Slakan*, 737 F.2d at 373); *see also Green v. Beck*, No.12-7279, 2013 WL 4517028, *2 (4th Cir. Aug. 27, 2013) (alleged failure of supervisory officials to investigate grievances not sufficient to establish liability under § 1983). The *Slaken* exception is not adequately pleaded in this case because, as previously noted, there are no allegations all at against Defendants Cartledge, Stirling, Ingraham, or Garcia, much less allegations of any personal knowledge (or even subjective knowledge) of the problems that Plaintiff alleges he has been having while confined in the Kirkland MSU(SSR). Thus, regardless of how pervasive the alleged problems at Kirkland might be, neither Cartledge, Stirling, Ingraham, nor Garcia can be found liable for them simply based on their jobs as SCDC supervisors.

      Additionally, Plaintiff's Complaint fails to state plausible claims against either Defendant Coxe or Greer because the only allegations against them are that they questioned Plaintiff after he was placed in the MSU(SSR). There are no allegations that either of these Defendants played

any part in Plaintiff's transfer to MSU(SSR) or that they have any control over the conditions in the unit or over the provision of medical care in the prison. Thus, Plaintiff fails to allege sufficient personal involvement by these two Defendants in the conditions of which he complains.

Moreover, even if sufficient allegations of personal involvement in the conditions were present, no plausible Eighth-Amendment claims are stated by Plaintiff's allegations. Although both state and federal prisoners retain many constitutional rights, it has been recognized that incarceration inherently limits certain constitutional rights of prisoners. *See O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987). The United States Supreme Court has held that prison officials have a duty under the Eighth Amendment to provide humane conditions of confinement: they must ensure adequate food, clothing, shelter and medical care, and must take reasonable measures to guarantee the safety of inmates. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994). To state a plausible conditions-of-confinement claim an inmate must show that: (1) the conditions were objectively serious enough to pose a substantial risk of serious harm; and (2) that the prison official's state of mind was one of "deliberate indifference." *Farmer*, 511 U.S. at 834. These elements have also been described as the "objective component" and the "subjective component." *Wilson v. Seiter*, 501 U.S. 294 (1991). The objective component examines the gravity of the alleged deprivation. *See Hudson v. McMillian*, 503 U.S. 1 (1992). The subjective component is the state of mind of the prison official or officials alleged to have violated a prisoner's rights. Decisions of the United States Court of Appeals for the Fourth Circuit provide more detailed guidelines for the analysis of Plaintiff's claims. The objective conditions must rise to the level of a deprivation of a basic human need such as food, warmth, or exercise. *See Williams v. Griffin*, 952 F.2d 820, 824 (4th Cir. 1991). In *Strickler v. Waters*, 989 F.2d 1375 (4th

7

Cir. 1993), the court said that an inmate complaining about prison conditions must show that the challenged conditions resulted in a serious deprivation of a basic human need which, in turn, resulted in serious or significant harm. While these conditions standing alone may not constitute cruel and unusual punishment, they may constitute an Eighth Amendment violation if considered in aggregate, *see McElveen v. County of Prince William*, 725 F.2d 954 (4th Cir. 1984). The United States Supreme Court has cautioned, however, that to be considered in aggregate, conditions must have mutually enforcing effects that produce deprivation of a single, identifiable need such as food, warmth, or exercise. *See Wilson v. Seiter*, 501 U.S. at 304.

The PLRA placed an important limitation upon all actions arising from prison conditions, requiring proof of "physical injury" arising from the allegedly unconstitutional condition. Under 42 U.S.C. § 1997e(e) no recovery of monetary damages is allowed for emotional stress:

> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

Keeping the above principles in mind, Plaintiff's allegations about his conditions of confinement while he was at the Kirkland MSU(SSR) fail to state any Eighth-Amendment claim upon which this Court could grant relief.

Even if Plaintiff's allegations about extreme cold, leaks, and cold food could be found facially sufficient to partially satisfy the objective component of an Eighth-Amendment claim, the allegations do not show the required physical injury from the conditions. While Plaintiff asserts at the conclusion of his Complaint that his health and safety are at risk, he does not provide any supporting facts showing the nature and extent of the alleged negative effects of the conditions and such conclusory allegations are insufficient to show the requisite injury for a plausible Eighth-Amendment claim. In absence of sufficient allegations to satisfy the objective

component of a plausible claim, there is no reason to consider the subjective component. Nevertheless, Plaintiff fails to satisfy the subjective component because he does not allege that any of the named Defendants were responsible for or even aware of the conditions in the MSU(SSR).

Finally, Plaintiff also fails to state a plausible Eighth-Amendment claim relating to his medical care. With respect to medical and health needs, a prisoner seeking to establish a plausible claim for damages under 42 U.S.C. § 1983 must show deliberate indifference by state actors such as prison doctors, nurses, and corrections officers to a serious need. *Wilson v. Seiter*, 501 U.S. 294; *Estelle v. Gamble*, 429 U.S. 97 (1977). Cases under this heading cover diverse circumstances, ranging from suicide prevention to medical emergencies to provision of wheelchairs or crutches. Consistently, however, the test has been one of deliberate indifference. *Grayson v. Peed*, 195 F. 3d 692 (4th Cir. 1999); *Shakka v. Smith*, 71 F. 3d 162 (4th Cir. 1995); *Davis v. Hall*, 992 F. 2d 151 (8th Cir. 1993); *Hill v. Nicodemus*, 979 F. 2d 987 (4th Cir. 1992); *Gray v. Spillman*, 925 F. 2d 90 (4th Cir. 1991); *Belcher v. Oliver*, 898 F.2d 32 (4th Cir. 1990). At the threshold, a complaint of deliberate indifference must disclose an objective injury or inattention to serious medical need. *Shakka v. Smith*; *Strickler v. Waters*, 989 F. 2d 1375 (4th Cir. 1993). Additionally, deliberate indifference involves a subjective component that the Supreme Court has termed a "sufficiently culpable state of mind" on the part of defendants. *See Wilson v. Seiter*; *Johnson v. Quinones*, 145 F. 3d 164 (4th Cir. 1998). For a claimant to prevail on such a claim, "the need must be both apparent and serious, and the denial of attention must be both deliberate and without legitimate penological objective." *Grayson v. Peed*, 195 F.3d 692, 695 (4th Cir. 1999).

Plaintiff's complaint fails to sufficiently allege medical indifference. His allegations fail to show that any of the Defendants in this case were either objectively or subjectively indifferent to Plaintiff's medical needs relating to a skin rash. There are no allegations that Plaintiff sought medical care from any Defendant and his requests were ignored or refused. Instead, the factual allegations show that Plaintiff was provided with ointment and different soap when he complained about a skin rash. He does not allege that any of the named Defendants were aware of his alleged requests for additional or different medical care, and while he might not have been "cured" of all discomfort by the medical staff at Kirkland, he was given appropriate medication and substitute soap. There are no allegations showing that Plaintiff needed more care than was given to him. At most, there is apparently a disagreement over how much and what kind of care was given to him. In this regard, it was held that "[a]lthough the Constitution does require that prisoners be provided with a certain *minimum level of medical treatment*, it does not guarantee to a prisoner the treatment of his choice." *Jackson v. Fair*, 846 F.2d 811, 817 (1st Cir. 1988) (emphasis added). Instead of medical indifference, Plaintiff's allegations only raise a facially plausible issue of whether or not unnamed Kirkland medical staff members were negligent in their treatment, but negligence is not compensable under § 1983. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *see Daniels v. Williams*, 474 U.S. 327, 328-36 (1986); *Davidson v. Cannon*, 474 U.S. 344, 345-48 (1986); *Ruefly v. Landon*, 825 F.2d 792, 793-94 (4th Cir. 1987); *see also Pink v. Lester*, 52 F.3d 73 (4th Cir. 1995) (applying *Daniels* and *Ruefly*: "The district court properly held that *Daniels* bars an action under § 1983 for negligent conduct[.]"). Also, § 1983 does not impose liability for violations of duties of care arising under state law. *See, e.g.*, *Brooks v. Celeste*, 39 F.3d 125 (6th Cir. 1994) (Although several courts prior to the Supreme Court's decision in *Farmer v. Brennan* held that "repeated acts of negligence could by themselves

constitute deliberate indifference, *Farmer* teaches otherwise."); *Sellers v. Henman*, 41 F.3d 1100 (7th Cir. 1994) ("If act A committed by the X prison shows negligence but not deliberate indifference, and B the same, and likewise C, the prison is not guilty of deliberate indifference."); *White v. Napoleon*, 897 F.2d 103, 108-09 (3d Cir. 1990). Although claims of negligence and medical malpractice are actionable under South Carolina law and in this court under specific circumstances, they should be brought *only* in state court *unless* diversity of citizenship is present. *See* S.C. Code Ann.*,* § 15-78-30(a) (South Carolina Torts Claims Act governs negligence actions against a state official or employee); *Browning v. Hartvigsen*, 414 S.E.2d 115, 116-18, 116 n.1, 117 n.2 (S.C. 1992); *see also Willis v. Wu*, 607 S.E.2d 63 (S.C. 2004) (a malpractice action against non-governmental medical personnel; pursued under the state's general tort law). This court may consider negligence or malpractice claims only if there is diversity of citizenship and over $75,000 in controversy in a medical malpractice case. The diversity statute, 28 U.S.C. § 1332(a), requires complete diversity of parties *and* an amount in controversy in excess of seventy-five thousand dollars ($75,000.00):

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between─
>
>     (1) citizens of different States[.]

28 U.S.C. § 1332. Complete diversity of parties means that no party on one side may be a citizen of the same state as any party on the other side. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 372-74 (1978). There is no diversity of citizenship in this case, however, because Plaintiff and all Defendants are residents of the State of South Carolina as shown by the allegations in the Complaint (ECF No. 1, Compl. 2). Because Plaintiff does not adequately plead deliberate indifference to his medical needs and because diversity jurisdiction is unavailable, the medical-

related allegations in his Complaint do not state a claim upon which relief may be granted against any Defendant.

IV.     Recommendation

Accordingly, it is recommended that the district court dismiss the Complaint in this case *without prejudice*. *See Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

IT IS SO RECOMMENDED.

April 29, 2016                                                                 Kaymani D. West
Florence, South Carolina                                              United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **Post Office Box 2317**
> **Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).