UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Sherwin Beaufort, | ) | Civil Action No.: 5:16-cv-01140-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Charlie Coxe, Larry Cartledge, Brian Stirling, Lloyd Greer, Dr. Ingraham, and Dr. M. Garcia, | ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff Sherwin Beaufort, currently incarcerated at Kirkland Correctional Institution ("KCI"), and proceeding *pro se*, brought this action pursuant to 42 U.S.C. § 1983 alleging that Defendants subjected him to unconstitutional conditions of confinement while he has been detained at KCI. This matter is before the Court after issuance of the Report and Recommendation ("R&R") of United States Magistrate Judge Kaymani D. West, filed on April 29, 2016. [ECF #10]. This matter was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(e). In the R&R, the Magistrate Judge recommends summary dismissal of Plaintiff's Complaint. On May 18, 2016, Plaintiff filed a motion to amend/correct his complaint [ECF #12]. Concurrently, this document also appears to serve as his objections to the R&R. [ECF #13]. This matter is now before the Court for review.

## Background

Plaintiff filed this action pursuant to 42 U.S.C. § 1983 on April 12, 2016 against Defendants, alleging violations of his constitutional rights, including allegations of medical malpractice, false

1

imprisonment, and cruel and unusual punishment. [ECF #1, p. 2]. Specifically, Plaintiff alleges that on January 18, 2014, while housed at McCormick Correctional Institution ("MCI"), Warden Leroy Cartledge found a large hole/tunnel in Plaintiff's housing unit. [ECF#1, p. 3]. Upon examination of the hole/tunnel, agent Charlie Coxe found contraband including cell phones, tobacco, a hammer, ice pick, pliers, a chisel, pieces of metal, and cell phone chargers. [ECF #1, p. 3]. Plaintiff shared this unit with another inmate for approximately one year. [ECF#1, p. 3]. Plaintiff alleges that he had no knowledge of the hole/tunnel or its contents, and that he is being forced to remain at KCI, despite being innocent of the charges. [ECF #1, p. 4]. Plaintiff initially alleged that he was stripped naked and left without a blanket after being sent to KCI, and further, that he was interrogated by Defendants Coxe and Greer. [ECF #1, p. 4]. Plaintiff also alleged that he is being subjected to cruel and unusual punishment at KCI because of conditions which include ceiling leaks and lack of heat. [ECF #1, p. 4]. Plaintiff further alleges that prison officials refused to transport him to his preliminary hearings for his criminal matter. [ECF#1, pp. 4-5]. Plaintiff also alleges that he has broken out into rashes and hives because he is allergic to the state soap at KCI, but the medical staff have committed malpractice and been unprofessional by failing to adequately treat his rashes and hives and for failing to provide him new soap to use. [ECF #1, p. 5]. He also initially alleged his requests for sick call have gone ignored, as has his request to see an outside dermatologist. [ECF #1, p. 5]. While he names two doctors as Defendants in this case, he does not allege any personal involvement with them with respect to his medical care.

On April 29, 2016, Magistrate Judge Kaymani D. West issued her Report and Recommendation ("R&R") recommending that Plaintiff's complaint be summarily dismissed on several grounds. First,

the Magistrate Judge recommends summary dismissal as to Defendants Cartledge, Stirling[1], Ingraham, and Garcia because Plaintiff does not allege any allegations against these Defendants in his Complaint. [ECF #10, p. 3]. To the extent they are considered "supervisors," the Magistrate Judge states that Plaintiff has failed to allege a causal connection between these Defendants and a plausible constitutional violation claim, as required by 42 U.S.C. § 1983. Nor does the Plaintiff allege that these Defendants should be held liable pursuant to the three elements required to prove supervisory liability as enunciated by the Fourth Circuit in *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994).[2] With respect to Defendants Greer and Coxe, the Magistrate Judge recommends summary dismissal because Plaintiff alleged these two individuals simply questioned him, which does not state a colorable claim under § 1983. Furthermore, the Magistrate Judge points out that even if Plaintiff alleged allegations of personal involvement of these Defendants, Plaintiff does not state any plausible Eighth Amendment violations based on being subjected to "cruel and unusual punishment." With respect to Plaintiff's alleged receipt of inadequate medical care, the Magistrate Judge also recommends summary dismissal because Plaintiff does not meet the threshold standard of showing deliberate indifference to his serious medical needs. Finally, the Magistrate Judge notes that Plaintiff's alleged claims for negligence or malpractice claims should be summarily dismissed because these claims may only be brought in the federal system if diversity of citizenship and the amount in controversy requirements are met. Here, Plaintiff does not plead or otherwise allege these requirements.

---

[1] Defendant Brian Stirling is referred to as "Brian Sterling" at times by Plaintiff, but he appears to be referring to the same Defendant.

[2] Those elements are: (1) actual or constructive that a subordinate was engaged in conduct posing a pervasive and unreasonable risk of constitutional injury to citizens; (2) the supervisor's response to this knowledge was so inadequate as to show "deliberate indifference" or tacit authorization; and (3) there was an "affirmative causal link" between the supervisor's inaction and the constitutional injury that Plaintiff suffered. *See Shaw*, F.3d at 799.

On May 18, 2016, Plaintiff filed a document styled "Motion to Amend Complaint" which was also subsequently filed as his objections to the R&R. [ECF #12; ECF #13]. Within this filing, Plaintiff does not raise any specific objections to the R&R. Instead he includes further allegations with respect to Defendants Charlie Coxe, Leroy Cartledge, Brian Stirling, and Lloyd Greer. He does not make any allegations against Dr. Ingraham or Dr. M. Garcia. [ECF #12; ECF #13]. However, he does add more specific allegations against the other Defendants. For example, he alleges that despite requesting his lawyer, Mr. Coxe tried to force him to answer questions about the contents found in his cell room. [ECF #12, p. 1]. He alleges Mr. Stirling "refused to answer" Plaintiff's "request(s) of questions" about his charges, and it was Mr. Stirling who gave the final recommendation for him to be placed at KCI. Plaintiff again alleges that Defendants Coxe, Cartledge, Greer and Stirling are the reason he is in KCI and being subjected to cruel and unusual and inhumane punishment. [ECF #12, p. 2]. He further alleges that Defendants Coxe and Greer failed to properly investigate the allegations regarding the possession of contraband and escape or "comply with the requests of information and evidence about my escape and possession of tools/conceal weapon charges from" his lawyer or the solicitor. [ECF #12, p. 3]. Plaintiff alleges Mr. Cartledge's involvement includes the fact that he received a note, apparently the initial start to this investigation, from a confidential informant regarding the tunnel in his cell. [ECF #12, p. 3]. This Court will consider these new allegations found in the motion to amend complaint in its review of this lawsuit.

## Standards of Review

### I.     Review of the Magistrate Judge's Report & Recommendation

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court.

*Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a *de novo* determination of those portions of the report and recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). The right to *de novo* review may be waived by the failure to file timely objections. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id*. However, the Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations." *Id.* In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199-200 (4th Cir. 1983).

## Discussion

### I. Claims Against Defendants Ingraham and Garcia

The Magistrate Judge recommends summary dismissal as to Defendants Ingraham and Garcia because Plaintiff fails to allege any acts of wrongdoing on the part of these Defendants. Plaintiff does not object to this aspect of the R&R, nor does Plaintiff provide any allegations in his filing styled "motion to amend complaint" related to these two individuals. Accordingly, this Court need only review the R&R for clear error. *Diamond,* 416 F.3d at 315. Here, this Court agrees with the Magistrate Judge's analysis with respect to the absence of any cognizable claim within Plaintiff's Complaint, indeed there are not even any factual allegations, against Defendant Ingraham and Garcia. Plaintiff has

not alleged he has suffered from any objective injury while housed at KCI, nor has he otherwise alleged that these individuals were deliberately indifferent to his serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97 (1977). Moreover, to consider to consider a negligence or malpractice claim under § 1983, Plaintiff must allege complete diversity of parties and an amount in controversy exceeding $75,000.00. Plaintiff has not alleged or otherwise met this requirement. Accordingly, this Court finds no clear error in the Magistrate Judge's recommendation of summary dismissal of any alleged claims against Defendants Ingraham and Garcia.

## II. Claims Against Remaining Defendants

Within the R&R, the Magistrate Judge recommends finding that to the extent any of the Defendants were sued based on the doctrine of vicarious liability or *respondeat superior*, those allegations must be dismissed because those claims are not actionable under § 1983. In response, Plaintiff has not argued that Defendants Cartledge, Stirling (or Defendants Ingraham or Garcia) are liable under this theory, nor does he object to the finding that he hasn't met the limited exception to this rule, which provides for supervisory liability if: (1) the supervisor had actual or constructive knowledge that a subordinate was engaged in conduct posing a pervasive and unreasonable risk of constitutional injury to citizens like Plaintiff; (2) the supervisor's response to this knowledge was so inadequate as to show "deliberate indifference" or tacit authorization of the alleged conduct; and (3) there was an "affirmative causal link" between the supervisor's inaction and the particular constitutional injury suffered by Plaintiff." *See Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994). Accordingly, this Court finds no clear error with the Magistrate Judge's recommendation that Plaintiff fails to state a claim against these Defendants under a theory of supervisory or vicarious liability.

Instead, Plaintiff alleges that Defendant Cartledge's involvement stated when Defendant Stirling "recommended" Plaintiff to Defendant Cartledge, "which is the reason" he is in a maximum security prison. [ECF #12, p. 2]. Furthermore, he alleges that Defendant Cartledge, the warden at McCormick Correctional Institution (where Plaintiff was housed prior to transfer to KCI), is the "main reason" for his false imprisonment because he received the information that led to the initial investigation of Plaintiff's cell. [ECF #12, p. 3]. These additional allegations do not alter the analysis of the Magistrate Judge in recommending dismissal of all claims against Defendant Cartledge because Plaintiff still does not state a plausible Eighth Amendment violation claim. While Plaintiff only alleged a few additional facts against Defendant Cartledge, this Court chose in its discretion to conduct a de novo review of Plaintiff's claims. Upon review, this Court agrees that Plaintiff has still not alleged a plausible claim in his Motion to Amend Complaint based on the standard set forth in *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (holding that a prison official "may be held liable under the Eighth Amendment for denying human conditions of confinements only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it."). At most, Plaintiff alleges leaky ceilings, excessively cold temperatures, and a new allegation that there is mildew in the food storage refrigerator. [ECF #12, p. 2]. He also does not otherwise allege he suffered an actual injury with respect to these conditions. Nor does he show that the conditions were objectively serious enough to pose a substantial risk of serious harm, and that the prison officials were "deliberately indifferent" to his serious medical needs. Accordingly, this Court agrees with the Magistrate Judge that summary judgment is appropriate with respect to any claims alleged against Defendant Cartledge.

A similar analysis applies to the claims lodged against Defendant Stirling. In his Motion to Amend Complaint, Plaintiff alleges Defendant Stirling "refused to answer his requests" for information about his charges, and he gave the final recommendation for Plaintiff to be placed in solitary confinement. [ECF #12, p. 2]. Thus, Plaintiff argues because Defendant Sterling placed him in KCI, he has inflicted cruel and unusual punishment in the form of exposing Plaintiff to water leaks, excessively cold temperatures, being stripped naked upon entry at KCI with no blanket, and mildew in the food storage refrigerator. [ECF #12, p. 2]. Again, Plaintiff does not state a plausible claim based on these alleged facts. Courts generally allow prison administration the discretion to determine the most efficient manner to run the prison system. *Taylor v. Freeman*, 34 F.3d 266, 268 (4th Cir. 1994) ("It is well established that absent the most extraordinary circumstances, federal courts are not to immerse themselves in the management of state prisons or substitute their judgment for that of the trained penological authorities charged with the administration of such facilities."). Assuming Defendant Stirling in fact gave the final recommendation to place Plaintiff at KCI, this Court will not substitute its own judgment in place of trained authorities regarding the placement of inmates in housing units. Second, as previously discussed, the alleged conditions at KCI do not rise to the level of cruel and unusual punishment as contemplated by the Eighth Amendment. Accordingly, this Court finds that any alleged claims against Defendant Stirling should be dismissed.

Finally, in his motion to amend complaint, Plaintiff argues that Defendants Coxe and Greer also subjected him to cruel and unusual punishment and interrogated him, despite his repeated request for a lawyer, and failed to investigate the alleged escape incident properly and professionally. This Court has previously determined that Plaintiff fails to make out a prima facie case for cruel and unusual punishment as contemplated by the Eighth Amendment based on his complaints of water leaks,

8

excessively cold temperatures, being stripped naked upon entry at KCI without a blanket, and mildew in the food storage refrigerator. Plaintiff's remaining allegations in his motion to amend complaint against Defendants Coxe and Greer related to the investigation of the escape and possession of weapons allegations, do not state a cognizable claim for relief. In *Baker v. Lyles*, the Fourth Circuit explained that while inmates have due process rights in prison disciplinary proceedings, those rights must be viewed in light of the prison setting and the necessity of the state to maintain acceptable levels of safety within prisons. 904 F.2d 925, 929 (4th Cir. 1990). Due process only requires written notice of the charges, an opportunity for the inmate to call witnesses and present documentary evidence, and a written statement by fact finders of the evidence relied upon and the reason for the action. *Id.* Plaintiff was apparently under investigation based on a tip that he was involved in an alleged escape and that he possessed weapons found in a hole/tunnel in his room. In reviewing his filed documents, it appears he officials did investigate these charges, but he has not otherwise been denied a hearing or the chance to present evidence. Thus, Plaintiff does not state a viable claim for a violation of his rights based on the investigation tactics of Defendants Coxe and Greer. Furthermore, to the extent he argues he was improperly placed in SSR, federal courts generally decline to tamper with the management of state prisons or substitute the judgment of prison officials in determining placement of incarcerated individuals. *Taylor v. Freeman*, 34 F.3d 266, 268-69 (4th Cir. 1994) ("It is well established that absent the most extraordinary circumstances, federal courts are not to immerse themselves in the management of state prisons or substitute their judgment for that of the trained penological authorities charged with the administration of such facilities.").

To the extent Plaintiff's remaining allegations in his Motion to Amend Complaint against Defendants Coxe and Greer are related to an actual charge or conviction based on the escape and/or

9

possession of weapons violations, those claims are barred by *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). In *Heck v. Humphrey*, the Supreme Court held that "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." 512 U.S. at 487. If the district court answers the question in the affirmative, then "the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* With respect to Defendants Coxe and Greer, were this Court to find that Defendants Coxe and Greer failed to properly investigate the allegations regarding the hole and contraband found in Plaintiff's cell, it may implicate the validity of those charges, if Plaintiff has actually been formally charged. Plaintiff has not brought forth any evidence that these charges have otherwise already been disposed of or been invalidated. Accordingly, any claims related to the alleged improper investigation of these claims by these Defendants must be dismissed.

Other than the allegations considered herein in Plaintiff's motion to amend complaint, Plaintiff does not object to any portion of the Magistrate Judge's R&R. Upon review, this Court does not find any clear error in the remaining portions of the R&R not previously considered or discussed in this Order.

## Conclusion

The Court has thoroughly reviewed the entire record, including Plaintiff's Complaint [ECF #1], the Magistrate Judge's Report and Recommendation [ECF #10], Plaintiff's Objection to the Report and Recommendation/Motion to Amend Complaint [ECF #12; ECF #13], and the applicable law. For the reasons stated above and by the Magistrate Judge, the Court overrules Plaintiff's objections and adopts and incorporates the Report and Recommendation of the Magistrate Judge. [ECF #10]. While this

Court considered the additional allegations set forth in Plaintiff's motion to amend complaint, Plaintiff still failed to state any plausible claims against any of the named Defendants. Accordingly the Motion to Amend Complaint [ECF #12] is **DENIED**.

    **IT IS THEREFORE ORDERED** that this case is **DISMISSED WITHOUT PREJUDICE**.

    **IT IS SO ORDERED**.

Florence, South Carolina  
October 14, 2016

s/ R. Bryan Harwell  
R. Bryan Harwell  
United States District Judge